| | |
|---|---|
| **E.W.**, by and through her parents and natural guardians; **J.W.**, by and through his parents and natural guardians; **Joseph Williams**, individually; **Heather Williams**, individually; and the **Roman Catholic Diocese of Burlington, Vermont**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **Daniel M. French**, in his official capacity as Secretary of the Vermont Agency of Education; **Jeanne Collins**, in her official capacity as Superintendent of the Rutland Northeast Supervisory Union; and the **Barstow Unified Union Board of Directors**, <br><br> *Defendants*. | Case No. 2:22-cv-00059-cr |

## Stipulated Judgment

Plaintiffs and Defendant French hereby AGREE and STIPULATE, and the Court hereby ORDERS:

1.      The Williams family and the Roman Catholic Diocese of Burlington brought this lawsuit alleging that Defendants violated their First and Fourteenth Amendment rights through exclusion from tuition benefits provided under Vermont statute. *See* 16 V.S.A. §§ 821-828.

2.      The Vermont Supreme Court previously held that "a school district violates Chapter I, Article 3 [of the Vermont Constitution] when it reimburses tuition for a sectarian school under § 822 in the absence of adequate safeguards

against the use of such funds for religious worship." *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 541–42 (1999).

3. Plaintiffs allege that Defendants excluded them from tuition benefits because of the so called "adequate safeguards" requirement articulated by the Vermont Supreme Court in *Chittenden*.

4. The U.S. Supreme Court previously explained that denying public benefits because of religious status or character violated the Free Exercise Clause of the U.S. Constitution's First Amendment. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S.Ct. 2012 (2017); *Espinoza v. Montana Department of Revenue*, 140 S.Ct. 2246 (2020).

5. The U.S. Supreme Court recently held that "a State's antiestablishment interest does not justify enactments that exclude some members of the community from an otherwise generally available public benefit because of their religious exercise." *Carson v. Makin*, 142 S. Ct. 1987, 1998 (2022).

6. The U.S. Supreme Court's *Carson* decision renders Vermont's adequate safeguards requirement unconstitutional.

7. The Supreme Court's *Carson* decision prohibits the enforcement of the adequate safeguards standard to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

8. Defendant French, his officers, agents, and assigns are permanently enjoined from enforcing the adequate safeguards requirement to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

9. Defendant French, his officers, agents, and assigns are permanently enjoined from advising, directing, or providing guidance to school districts, approved independent schools, or the public that the adequate safeguards requirement may be enforced to exclude independent schools from tuition benefits.

10.     This Stipulated Judgment and the terms of the Parties' Final Settlement Agreement resolves all claims made by Plaintiffs against Defendant French in this action, including Plaintiffs' claims for attorney's fees, expenses, and costs, as well as any other claims Plaintiffs could have brought against Defendant French based on the facts alleged in the First Amended Complaint.

11.     The Court reserves jurisdiction to enforce or modify this Stipulated Judgment. In the event that Defendant French fails to comply with this Stipulated Judgment, any of the Plaintiffs may file a motion with this Court seeking enforcement of this Stipulated Judgment. In the event that Plaintiffs fail to comply with this Stipulated Judgment, Defendant French may file a motion with this Court seeking enforcement of this Stipulated Judgment.

SO ORDERED on _____, 2022.

_____
Hon. Christina Reiss
United States District Judge

IT IS SO AGREED AND STIPULATED.   IT IS SO AGREED AND STIPULATED.

By: _____     By: _____
Paul Schmitt                          Rachel Smith

On behalf of Plaintiffs E.W., J.W.,      On behalf of Defendant Daniel
Joseph Williams, Heather Williams,       French
and the Roman Catholic Diocese of
Burlington, Vermont                   Dated: Sept. 7, 2022

Dated: September 8, 2022

3