# **Final Settlement Agreement**

I.     Parties

Plaintiff Roman Catholic Diocese of Burlington, Vermont

Plaintiffs E.W., J.W., Joseph Williams, Heather Williams

Defendant Daniel M. French, in his official capacity as Secretary of the Vermont Agency of Education ("AOE")

II.    Intent of the Parties

A.     The Parties intend that this "Final Settlement Agreement" or "Agreement" shall set forth all of the agreed upon terms and conditions.

B.     The Parties intend to settle all claims against Defendant French that Plaintiffs raised or could have raised based on the facts alleged in the Complaint in *E.W., et al. v. French, et al.,* No. 2:22-cv-59-cr (D. Vt.) (the Litigation) or known to the Plaintiffs or their counsel during the pendency of the Litigation. This agreement does not cover claims unknown to Plaintiffs or their counsel.

C.     It is the intent of the Parties that upon execution of this Final Settlement Agreement, students eligible for tuition benefits under Vermont law, *see* 16 V.S.A. §§ 821–828, may use those benefits at religious, sectarian, or faith-based schools in Vermont consistent with Vermont statute, *see id.*, without restrictions from the Vermont Constitution's Compelled Support Clause's "adequate safeguards" requirement based on the religious identity, character, beliefs, or activities of those schools. *See Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 541–42 (1999) (articulating adequate safeguards requirement).

D.     It is the intent of the Parties that the Plaintiff Roman Catholic Diocese of Burlington, Vermont's schools shall receive the full tuition benefits available under Vermont statute, *see* 16 V.S.A. §§ 821–828, for its students who are eligible for those tuition benefits, without those funds being diminished, reduced, restricted, or otherwise impacted by the adequate safeguards requirement on account of those schools' religious identity, character, beliefs, or activities and without regard to any scholarships, subsidies, tuition assistance, or financial aid that the Diocese or its schools provide to families who are ineligible for tuition benefits.

III.   Terms

A.     The Parties agree that within 14 days of execution of this Final Settlement Agreement, the Parties will enter a stipulated judgment, attached as Exhibit A to this Agreement, with the U.S. District Court for the District of Vermont, stipulating that the U.S. Constitution's First Amendment prohibits enforcement of the Vermont

Constitution's Compelled Support Clause to bar school districts from paying tuition to religious, sectarian, or faith-based schools based on those schools' religious identity, character, beliefs, or activities. The stipulation shall further explain that the so called "adequate safeguards" requirement articulated by the Vermont Supreme Court in *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 552 (1999) is unconstitutional. The stipulation shall make clear that Secretary French will not attempt to enforce the Compelled Support Clause's adequate safeguards requirement going forward.

B.    AOE agrees that the adequate safeguards standard of the Compelled Support Clause of the Vermont State Constitution as enunciated in *Chittenden Town School Dist. v. Dept. of Ed.*, 169 Vt. 310 (1999), as it impacts public tuition going to independent schools, cannot be implemented consistent with the U.S. Supreme Court's holding in *Carson v. Makin* that "a State's antiestablishment interest does not justify enactments that exclude some members of the community from an otherwise generally available public benefit because of their religious exercise." AOE agrees to take no action to advise, direct, or provide guidance to school districts, approved independent schools, or the public that is inconsistent with this interpretation.  AOE further agrees that it will issue, within one week of execution of this Final Settlement Agreement, a letter to local school districts explaining that, in light of the U.S. Supreme Court's decision in *Carson v. Makin*, districts cannot deny families' use of tuition benefits at religious schools based on the Vermont Constitution's Compelled Support Clause. The letter shall explain that requests for tuition to attend religious independent schools shall be treated the same as requests for tuition to attend secular independent schools. It shall also explain that tuition payment must follow 16 V.S.A. §§ 821-828 and must be paid without regard to any tuition assistance that schools provide to students whose tuition is privately paid. The letter shall be posted on the Agency's website and shared via social media platforms used by the Agency.

C.    Defendant French agrees that AOE or another state entity will pay all Plaintiffs collectively, through their counsel, Alliance Defending Freedom, the sum of $35,000.00 within 30 days of the District Court's approval of the stipulated judgment, in compromise and complete satisfaction of their disputed claim in this matter for attorneys' fees, costs, and expenses.

D.    The Parties agree that, within 14 days of payment of the above-described sums, the Plaintiffs will execute and deliver to Defendant French a Release of all claims and demands for relief against Secretary French, AOE, the State of Vermont, and any other agency, department, office, branch, instrumentality, official, employee, or agent, current or former, of the State of Vermont that Plaintiffs raised or could have raised based on the facts alleged in the Complaint and First Amended Complaint or known to Plaintiffs during the pendency of the Litigation, including

claims for declaratory and injunctive relief, damages, attorney's fees, costs, and expenses. The release does not apply to Plaintiffs' claims against other defendants.

E.      The Parties agree that, without waiver of the sovereign immunity of the State of Vermont and its officials, Plaintiffs shall retain the right, notwithstanding the above-described Release, to sue for enforcement of the obligations in the executed Final Settlement Agreement if Defendant does not fulfill his obligations under this Agreement and/or continue this Litigation, in whole or in part.

IV.     Termination of the Litigation

A.      Once this Final Settlement Agreement has been executed, the Parties shall file a stipulated judgment described above in the U.S. District Court for the District of Vermont.

B.      Once the stipulated judgment has been approved by the U.S. District Court for the District of Vermont, the parties shall file a stipulated dismissal of claims against Defendant French in this Litigation with prejudice in the U.S. District Court for the District of Vermont.

C.      If Plaintiffs do not implement the Terms described in Paragraph D in Section III within the time allotted in Paragraph D, Plaintiffs shall remit to Defendant all sums paid under Section III or Defendant may sue for enforcement of the obligations in the executed Final Settlement Agreement.

D.      If Defendant French does not implement the Terms described above in Section III within the time allotted under each paragraph, Plaintiffs may then sue for enforcement of the obligations in the executed Final Settlement Agreement, and/or move the U.S. District Court for the District of Vermont and continue this Litigation, in whole or in part.

V.      General Provisions

A.      Each Party to this Agreement represents and warrants that the person who signed this Agreement on behalf of his or her entity is duly authorized to enter into this Agreement and to bind that Party to the terms and conditions of this Agreement.

B.      Other than as provided in Section III, the Parties will bear their own attorney's fees, costs, and expenses in connection with the Litigation and the preparation and finalization of this Final Settlement Agreement.

C.      This Agreement shall become effective upon the signature of all Parties. This may be executed in counterparts, each of which will be deemed to be an original, and the counterparts will together constitute one and the same document.

The undersigned agree to the form and content of this Final Settlement Agreement.

|  |  | Vermont Agency of Education |
| --- | --- | --- |
| September 8, 2022 | By: | *Daniel M. French*  9/8/2022 |
|  |  | Secretary Daniel M. French |

|  |  | Roman Catholic Diocese of Burlington, Vermont |
| --- | --- | --- |
| September __, 2022 | By: | _____ |
|  |  | Bishop Christopher J. Coyne |

|  |  | _____ |
| --- | --- | --- |
| September __, 2022 |  | Joseph Williams |

|  |  | _____ |
| --- | --- | --- |
| September __, 2022 |  | Heather Williams |

|  |  | _____ |
| --- | --- | --- |
| September __, 2022 |  | Jacob Williams |

|  |  | E.W., a minor |
| --- | --- | --- |
|  | By: | _____ |
| September __, 2022 |  | Heather Williams, parent |

Case 2:22-cv-00059-cr   Document 39-1   Filed 09/09/22   Page 5 of 11

The undersigned agree to the form and content of this Final Settlement Agreement.

|  |  |
|---|---|
|  | Vermont Agency of Education |
| September , 2022 | By: _____ |
|  | Secretary Daniel M. French |
|  |  |
|  | Roman Catholic Diocese of Burlington, Vermont |
| September , 2022 | By: *Christopher J. Coyne* |
|  | Bishop Christopher J. Coyne |
|  |  |
|  | _____ |
| September , 2022 | Joseph Williams |
|  |  |
|  | _____ |
| September , 2022 | Heather Williams |
|  |  |
|  | _____ |
| September , 2022 | Jacob Williams |
|  |  |
|  | E.W., a minor |
|  | By: _____ |
| September , 2022 | Heather Williams, parent |

C. Defendant French agrees that AOE or another state entity will pay Plaintiffs, collectively, through their counsel, Alliance Defending Freedom, the sum of $35,000.00 within 30 days of the District Court's approval of the stipulated judgment, in compromise and complete satisfaction of their disputed claim in this matter for attorneys' fees, costs, and expenses.

D. The Parties agree that, within 14 days of payment of the above-described sums, the Plaintiffs will execute and deliver to Defendant French a Release of all claims and demands for relief against Secretary French, AOE, the State of Vermont, and any other agency, department, office, branch, instrumentality, official, employee, or agent, current or former, of the State of Vermont that Plaintiffs raised or could have raised based on the facts alleged in the Complaint and First Amended Complaint or known to Plaintiffs during the pendency of the Litigation, including claims for declaratory and injunctive relief, damages, attorney's fees, costs, and expenses. The release does not apply to Plaintiffs' claims against other defendants.

E. The Parties agree that, without waiver of the sovereign immunity of the State of Vermont and its officials, Plaintiffs shall retain the right, notwithstanding the above-described Release, to sue for enforcement of the obligations in the executed Final Settlement Agreement if Defendant does not fulfill his obligations under this Agreement and/or continue this Litigation, in whole or in part.

IV. Termination of the Litigation

A. Once this Final Settlement Agreement has been executed, the Parties shall file a stipulated judgment described above in the U.S. District Court for the District of Vermont.

B. Once the stipulated judgment has been approved by the U.S. District Court for the District of Vermont, the parties shall file a stipulated dismissal of claims against Defendant French in this Litigation with prejudice in the U.S. District Court for the District of Vermont.

C. If Plaintiffs do not implement the Terms described in Paragraph D in Section III within the time allotted in Paragraph D, Plaintiffs shall remit to Defendant all sums paid under Section III or Defendant may sue for enforcement of the obligations in the executed Final Settlement Agreement.

D. If Defendant French does not implement the Terms described above in Section III within the time allotted under each paragraph, Plaintiffs may then sue for enforcement of the obligations in the executed Final Settlement Agreement, and/or move the U.S. District Court for the District of Vermont and continue this Litigation, in whole or in part.

V. General Provisions

A. Each Party to this Agreement represents and warrants that the person who signed this Agreement on behalf of his or her entity is duly authorized to enter into this Agreement and to bind that Party to the terms and conditions of this Agreement.

B. Other than as provided in Section III, the Parties will bear their own attorney's fees, costs, and expenses in connection with the Litigation and the preparation and finalization of this Final Settlement Agreement.

C. This Agreement shall become effective upon the signature of all Parties. This may be executed in counterparts, each of which will be deemed to be an original, and the counterparts will together constitute one and the same document.

The undersigned agree to the form and content of this Final Settlement Agreement.

|  |  |
|---|---|
| September , 2022 | Vermont Agency of Education<br>By: _____<br>Secretary Daniel M. French |
| September , 2022 | Roman Catholic Diocese of Burlington, Vermont<br>By: _____<br>Bishop Christopher J. Coyne |
| September , 2022 | Joseph Williams |
| September , 2022 | Heather Williams |

September , 2022                         Jacob Williams

                         E.W., a minor
                    By: _Heather Williams_
September , 2022         Heather Williams, parent

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **E.W.**, by and through her parents and natural guardians; **J.W.**, by and through his parents and natural guardians; **JOSEPH WILLIAMS**, individually; **HEATHER WILLIAMS**, individually; and the **ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DANIEL M. FRENCH**, in his official capacity as Secretary of the Vermont Agency of Education; **KRISTIN HUBERT**, in her official capacity as Superintendent of the Rutland Northeast Supervisory Union; and the **BARSTOW UNIFIED UNION BOARD OF DIRECTORS**,<br><br>*Defendants*. | Case No. 2:20-CV-00059-cr |

**STIPULATED JUDGMENT**

Plaintiffs and Defendant French hereby AGREE and STIPULATE, and the Court hereby ORDERS:

1. The Williams family and the Roman Catholic Diocese of Burlington brought this lawsuit alleging that Defendants violated their First and Fourteenth Amendment rights through exclusion from tuition benefits provided under Vermont statute. *See* 16 V.S.A. §§ 821-828.

2. The Vermont Supreme Court previously held that "a school district violates Chapter I, Article 3 [of the Vermont Constitution] when it reimburses tuition for a sectarian school under § 822 in the absence of adequate safeguards

against the use of such funds for religious worship." *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 541–42 (1999).

3. Plaintiffs allege that Defendants excluded them from tuition benefits because of the so called "adequate safeguards" requirement articulated by the Vermont Supreme Court in *Chittenden*.

4. The U.S. Supreme Court previously explained that denying public benefits because of religious status or character violated the Free Exercise Clause of the U.S. Constitution's First Amendment. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S.Ct. 2012 (2017); *Espinoza v. Montana Department of Revenue*, 140 S.Ct. 2246 (2020).

5. The U.S. Supreme Court recently held that "a State's antiestablishment interest does not justify enactments that exclude some members of the community from an otherwise generally available public benefit because of their religious exercise." *Carson v. Makin*, 142 S. Ct. 1987, 1998 (2022).

6. The U.S. Supreme Court's *Carson* decision renders Vermont's adequate safeguards requirement unconstitutional.

7. The Supreme Court's *Carson* decision prohibits the enforcement of the adequate safeguards standard to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

8. Defendant French, his officers, agents, and assigns are permanently enjoined from enforcing the adequate safeguards requirement to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

9. Defendant French, his officers, agents, and assigns are permanently enjoined from advising, directing, or providing guidance to school districts, approved independent schools, or the public that the adequate safeguards requirement may be enforced to exclude independent schools from tuition benefits.

2

10.     This Stipulated Judgment and the terms of the Parties' Final Settlement Agreement resolves all claims made by Plaintiffs against Defendant French in this action, including Plaintiffs' claims for attorney's fees, expenses, and costs, as well as any other claims Plaintiffs could have brought against Defendant French based on the facts alleged in the First Amended Complaint.

11.     The Court reserves jurisdiction to enforce or modify this Stipulated Judgment. In the event that Defendant French fails to comply with this Stipulated Judgment, any of the Plaintiffs may file a motion with this Court seeking enforcement of this Stipulated Judgment. In the event that Plaintiffs fail to comply with this Stipulated Judgment, Defendant French may file a motion with this Court seeking enforcement of this Stipulated Judgment.

SO ORDERED on _____, 2022.

_____
Hon. Christina Reiss
United States District Judge

IT IS SO AGREED AND STIPULATED.   IT IS SO AGREED AND STIPULATED.

By: _____   By: _____
Paul Schmitt                                            Rachel Smith

On behalf of Plaintiffs E.W., J.W.,   On behalf of Defendant Daniel
Joseph Williams, Heather Williams,   French
and the Roman Catholic Diocese of
Burlington, Vermont                      Dated: Sept. 7, 2022

Dated: September 8, 2022