IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 OCT 27  PM 1:10

CLERK

BY _____
DEPUTY CLERK

E.W., by and through her parents and
natural guardians, Joseph and Heather
Williams; J.W., by and through his
parents and natural guardians, Joseph
and Heather Williams; JOSEPH
WILLIAMS, individually; HEATHER
WILLIAMS, individually; and the ROMAN
CATHOLIC DIOCESE OF BURLINGTON,
VERMONT,

Case No. 2:22-CV-59-cr

*Plaintiffs,*

v.

DANIEL M. FRENCH, in his official
capacity as Secretary of the Vermont
Agency of Education; KRISTIN HUBERT, in
her official capacity as Superintendent of
the Rutland Northeast Supervisory
Union; and the BARSTOW UNIFIED UNION
SCHOOL BOARD OF DIRECTORS,

*Defendants.*

## MODIFIED STIPULATED JUDGMENT

### A.    The Parties' Final Settlement Agreement.

Plaintiffs and Defendants Kristin Hubert and Barstow Unified Union Board of
School Directors hereby AGREE and STIPULATE:

1.    The Williams family and the Roman Catholic Diocese of Burlington
brought this lawsuit alleging that Defendants violated their First and Fourteenth
Amendment rights through exclusion from tuition benefits provided under Vermont
statute. *See* 16 V.S.A. §§ 821–28.

2.    The Vermont Supreme Court previously held that "a school district
violates Chapter I, Article 3 [of the Vermont Constitution] when it reimburses tuition
for a sectarian school under § 822 in the absence of adequate safeguards against the

use of such funds for religious worship." *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 541–42 (1999).

3.    Plaintiffs allege that Defendants excluded them from tuition benefits because of the so-called "adequate safeguards" requirement articulated by the Vermont Supreme Court in *Chittenden*.

4.    The U.S. Supreme Court previously explained that denying public benefits because of religious status or character violates the Free Exercise Clause of the U.S. Constitution's First Amendment. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017); *Espinoza v. Montana Dep't of Revenue*, 140 S. Ct. 2246 (2020).

5.    The U.S. Supreme Court recently held that "a State's antiestablishment interest does not justify enactments that exclude some members of the community from an otherwise generally available public benefit because of their religious exercise." *Carson v. Makin*, 142 S. Ct. 1987, 1998 (2022).

6.    The parties agree that the U.S. Supreme Court's *Carson* decision renders Vermont's adequate safeguards requirement unconstitutional.

7.    The parties agree that the U.S. Supreme Court's *Carson* decision prohibits the enforcement of the adequate safeguards requirement to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities. They further agree to restrict the guidance Defendants Hubert and Barstow Unified Union School Board of Directors shall provide to others.

**B.    The Court's Judgment and Enforcement of the Parties' Agreement.**

Based upon Defendants' consent to a permanent injunction, the court hereby enters a Modified Stipulated Judgment pursuant to the parties' Final Settlement Agreement and the foregoing stipulation as follows:

1.    Defendants, their officers, agents, and assigns shall not enforce the adequate safeguards requirement to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

2.    Defendants shall provide notice to tuition-eligible resident families

described in the parties' Final Settlement Agreement informing them of the U.S. Supreme Court's *Carson* decision.

3.    Defendants shall reimburse the Williams family for tuition paid by them consistent with the parties' Final Settlement Agreement, and Defendants shall pay Mt. St. Joseph Academy for outstanding tuition balances consistent with the parties' Final Settlement Agreement.

4.    Defendants shall process and honor tuition requests consistent with the parties' Final Settlement Agreement.

5.    This Modified Stipulated Judgment and the terms of the parties' Final Settlement Agreement resolve all claims made by Plaintiffs against Defendants in this action, including Plaintiffs' claims for attorney's fees, expenses, and costs, as well as any other claims Plaintiffs could have brought against Defendants based on the facts alleged in the Complaint.

6.    The attached Addendum to Modified Stipulated Judgment is incorporated herein.

7.    The court reserves jurisdiction to enforce or modify this Modified Stipulated Judgment. In the event that any party fails to comply with this Modified Stipulated Judgment, any adverse party may file a motion with this court seeking its enforcement.


SO ORDERED on *Oct. 27*, 2022.

Hon. Christina Reiss
United States District Judge

3