IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT




E.W., by and through her parents and
natural guardians, Joseph and Heather
Williams; **J.W.**, by and through his parents
and natural guardians, Joseph and Heather
Williams; **JOSEPH WILLIAMS**, individually;
**HEATHER WILLIAMS**, individually; and the
**ROMAN CATHOLIC DIOCESE OF
BURLINGTON, VERMONT**,

*Plaintiffs,*

v.

**DANIEL M. FRENCH**, in his official capacity
as Secretary of the Vermont Agency of
Education; **KRISTIN HUBERT**, in her official
capacity as Superintendent of the Rutland
Northeast Supervisory Union; and the
**BARSTOW UNIFIED UNION SCHOOL BOARD
OF DIRECTORS**,

*Defendants.*

Case No. 2:22-CV-59-cr

## MODIFIED STIPULATED JUDGMENT

### A. The Parties' Final Settlement Agreement.

Plaintiffs and Defendant French hereby AGREE and STIPULATE:

1. The Williams family and the Roman Catholic Diocese of Burlington brought this lawsuit alleging that Defendants violated their First and Fourteenth Amendment rights through exclusion from tuition benefits provided under Vermont statute. See 16 V.S.A. §§ 821–28.

2. The Vermont Supreme Court previously held that "a school district violates Chapter I, Article 3 [of the Vermont Constitution] when it reimburses tuition for a sectarian school under § 822 in the absence of adequate safeguards against the use of such funds for religious worship." *Chittenden Town Sch. Dist. v. Dep't of Educ.*, 738 A.2d 539, 541–42 (1999).

3. Plaintiffs allege that Defendants excluded them from tuition benefits

because of the so-called "adequate safeguards" requirement articulated by the Vermont Supreme Court in *Chittenden*.

4. The U.S. Supreme Court previously explained that denying public benefits because of religious status or character violates the Free Exercise Clause of the U.S. Constitution's First Amendment. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017); *Espinoza v. Montana Dep't of Revenue*, 140 S. Ct. 2246 (2020).

5. The U.S. Supreme Court recently held that "a State's antiestablishment interest does not justify enactments that exclude some members of the community from an otherwise generally available public benefit because of their religious exercise." *Carson v. Makin*, 142 S. Ct. 1987, 1998 (2022).

6. The parties agree that the U.S. Supreme Court's *Carson* decision renders Vermont's adequate safeguards requirement unconstitutional.

7. The parties agree that the U.S. Supreme Court's *Carson* decision prohibits the enforcement of the adequate safeguards requirement to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities. They further agree to restrict the guidance Defendant French shall provide to others.

**B. The Court's Judgment and Enforcement of the Parties' Agreement.**

Based upon Defendant French's consent to a permanent injunction, the court hereby enters a Modified Stipulated Judgment pursuant to the parties' Final Settlement Agreement and the foregoing stipulation as follows:

1. Defendant French, his officers, agents, and assigns shall not enforce the adequate safeguards requirement to deny payment of tuition to independent schools based on their religious status, affiliation, beliefs, exercise, or activities.

2. This Modified Stipulated Judgment and the terms of the parties' Final Settlement Agreement resolve all claims made by Plaintiffs against Defendant French in this action, including Plaintiffs' claims for attorney's fees, expenses, and costs, as well as any other claims Plaintiffs could have brought against Defendant French based on the facts alleged in the First Amended Complaint.

3. The attached Addendum to Modified Stipulated Judgment is incorporated herein.

4. The court reserves jurisdiction to enforce or modify this Modified Stipulated Judgment. In the event that any party fails to comply with this Modified Stipulated Judgment, any adverse party may file a motion with this court seeking its enforcement.

SO ORDERED on _Oct 27_, 2022.

                                              Hon. Christina Reiss
                                        United States District Judge